UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 1:08-cv-0049-DFH-DML |
| MARTHA A. LANE, MYRON T. LANE, MICHAEL R. LANE, and PATRICIA J. HICKERSON, | ) ) ) ) | |
| Defendants. | ) ) | |

ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Kenneth Lane purchased a life insurance policy from Guardian Life
Insurance Company of America.  Kenneth passed away on November 18, 2007.
Kenneth's children, Myron T. Lane, Michael R. Lane, and Patricia J. Hickerson
(collectively, the "Lane children"), and Kenneth's second wife, Martha Lane,
submitted claims to Guardian for the proceeds of the policy.  In response to the
claims, Guardian filed an interpleader complaint on January 14, 2008 naming
Martha and the Lane children as defendants.  The Lane children have moved for
summary judgment asserting that they, and not their step-mother, are entitled to
the proceeds of the policy.  The critical issue is whether the Lane children can
show that Kenneth established a valid irrevocable trust that became the owner of
the life insurance policy.  If he did, then his later change of the beneficiary to
Martha would have had no legal effect.  But the Lane children have not offered a

signed original or even an unsigned copy of such a valid trust instrument.  As explained below, therefore, their motion is denied.  The court also denies the Lane children's motion to strike the affidavit accompanying Martha Lane's surreply (Dkt. 39).

## Summary Judgment Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate when there are no genuine issues of material fact, leaving the moving parties entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c). To prevail, the moving parties must show that there is no genuine issue of material fact.  See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  Where the non-moving party bears the burden of proof on an issue at trial, and where the motion challenges the non-moving party's ability to meet that burden, the non-moving party must set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(e)(2); see also *Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir. 1999).  The moving parties need not positively disprove their opponent's case.  They may prevail by establishing the lack of evidentiary support for that case.  See *Celotex Corp.,* 477 U.S. at 325.

## Discussion

On March 1, 1984, Kenneth R. Lane purchased a whole life insurance policy from Guardian.  Children Ex. B.  The policy called for a $100,000 death benefit. Children Ex. A, at 2.  Initially, Kenneth designated the beneficiaries of the policy as "Thelma M. Lane, wife of the insured if living, if not living, children of their present marriage."  Children Ex. B.  On April 16, 1984, Kenneth amended the policy by changing the beneficiary to the "Kenneth R. Lane Irrevocable Trust, dated June 27, 1978," with Michael R. Lane as trustee.  Children Ex. C.  On June 28, 1984, Michael Lane executed a "Paid Up Additions Rider" to the policy. Children Exs. D, E.

Thelma Lane died on March 17, 1990, and on September 1, 1990, Kenneth married Martha (Phillippo) Lane.  On August 20, 1991, Guardian accepted a "Change of Beneficiary Notice" for the policy that was signed by Kenneth, indicating his desire to change the primary beneficiary to Martha and to designate the Lane children as secondary beneficiaries.  Children Ex. F.  Then, on May 22, 2006, Kenneth sent a letter to Guardian requesting that Martha be designated the primary beneficiary and that her children be designated secondary beneficiaries. Children Ex. G.  Guardian responded to Kenneth's request by sending a letter dated June 5, 2006, enclosing a Change of Beneficiary form that identified the owner of the policy as "Trust dated 6/27/78" and the trustee of the policy as Michael R. Lane.  Children Ex. H.  Guardian's letter instructed Kenneth to ask Michael Lane, as the owner of the policy, to complete, sign, and return the Change

of Beneficiary form to Guardian for processing.  *Id.*  Michael Lane did not sign or return that form to Guardian.  By letter dated October 2, 2006, Michael Lane requested copies of the trust from Guardian.  Guardian responded in a fax dated October 10, 2006 that it did not have a copy of the trust.  Children Exs. I, J.

James N. Wilson, Kenneth Lane's financial advisor, testified by affidavit in May 2008 that in December 2007, he discovered an unsigned copy of an irrevocable trust in the name of Kenneth's first wife Thelma in an old Lane family file.  Children Ex. O, ¶ 7.  He believed that the Thelma Lane Irrevocable Trust was executed in 1978 on the same day as the Kenneth R. Lane Irrevocable Trust named as beneficiary of the policy.  Children Ex. O, ¶¶ 7, 9; Children Ex. P.  In May 2008, Wilson testified that he believed that the draft Thelma M. Lane Irrevocable Trust was substantially the same as Kenneth's irrevocable trust, except that it designated Kenneth rather than Thelma as the first beneficiary.  Children Ex. O, ¶ 10; Children Ex. P.  And, in May 2008, James Wilson had "no doubt in [his] mind" that Kenneth had established the Trust, and he remembered that the Thelma M. Lane Irrevocable Trust and the Kenneth R. Lane Irrevocable Trust were executed in his office and in his presence.  Children Ex. O, ¶¶ 8-9.

Wilson's earlier testimony is somewhat inconsistent with his recollections of May 2008.  When he was deposed in October 2007, Wilson first stated that he had not created *any* trusts for Kenneth Lane.  Martha Lane Ex. 4 at 2.  Then he said that it was possible he had created a revocable trust for Kenneth because it

was his "standard practice" at the time.  *Id.* at 3-4.  The Lane children point out that at the time of his October 2007 deposition, Wilson had not yet searched his files, and his memory had not yet been refreshed.  Children Reply 8-9.  In January 2008, Wilson signed a different affidavit describing the steps he took to recover Lane family documents in December 2007.  Children Ex. Z, ¶ 11-13.  He listed several documents that he found as a result of that search, but he did not assert that he discovered the copy of Thelma's irrevocable trust.  Children Ex. Z, ¶¶ 11(a)-(g).

The Lane children contend that Martha Lane does not have and never has had a claim to the Guardian life insurance proceeds because in 1984 those proceeds were designated as property of the trust, and only Michael Lane, as trustee, had the authority to modify the beneficiaries of the policy.  Their summary judgment motion hinges on the question of whether there is any issue of material fact regarding the validity of the trust under Indiana law.  If the irrevocable trust existed and was valid, Kenneth's attempt to change the beneficiaries of the policy would be ineffective, and the Lane children would be entitled to the proceeds.

To support their argument that there is a valid and enforceable trust, the Lane children rely on a collection of documents and statements, taken in total, to show a valid trust.  Those documents and statements include:  (1) the "Notice of Change of Owner and Designation of Beneficiary" form signed by Kenneth on

April 16, 1984, naming the trust as the beneficiary of the Guardian policy (Children Ex. C); (2) the unsigned irrevocable trust in Thelma's name that, according to Wilson's most recent testimony, contains terms that are substantially similar to the terms of what he said was Kenneth's irrevocable trust (Children Exs. O, P); (3) Michael's execution of a "Paid Up Additions Rider" (Children Exs. D, E); and (4) Martha's "numerous mentions" of the trust "in court documents and otherwise" (Children Exs. L, M, R, T).  Children Br. 9.  The "logical conclusion," the Lane children argue, is the existence of a valid and enforceable trust under Indiana law.

Indiana Code § 30-4-2-1(a) establishes that "a trust in either real or personal property is enforceable *only* if there is written evidence of its terms bearing the signature of the settlor or the settlor's authorized agent."  (Emphasis added.)[1]  Although no formal language is required to create a trust, Indiana law requires that "its terms must be sufficiently definite so that the trust property, the identity of the trustee, the nature of the trustee's interest, the identity of the beneficiary, the nature of the beneficiary's interest and the purpose of the trust may be ascertained with reasonable certainty."  Ind. Code § 30-4-2-1(b).  So long as the terms and conditions of the trust are set forth with reasonable certainty,

---

[1]The 2005 Indiana legislature amended the provision to make it gender neutral, but otherwise, the language of the provision remains essentially unchanged since its enactment in 1971 extended the writing requirement to personal property.  See 2005 Ind. Legis. Serv. P.L. 238-2005 (H.E.A. 1153); see also 1992 Ind. Legis Serv. P.L. 132-1992 (S.E.A. 99) (deleting heading and correcting spelling error).

"letters, receipts, or other writings signed by the trustee may be sufficient to establish a trust." *Nesbitt v. Stevens*, 69 N.E 256, 258 (Ind. 1903), quoting *Ransdel v. Moore*, 53 N.E. 767, 769 (Ind. 1899) (if the terms of the trust are collected from several documents, it is not necessary that all are signed, "but it is sufficient if they are so referred to and connected with the paper that is signed that they may be identified and read as genuine papers, and a part of the transaction"); see also *Ross v. Thompson*, 146 N.E.2d 259, 265 (Ind. App. 1957) (in determining existence of a trust the court may be aided by oral evidence regarding the circumstances of execution and "it is not necessary that the trust be reflected in the conveyance under which title to the property was taken by the trustee").

Where some ambiguity exists as to a term of a trust, courts may resolve the ambiguity by looking to "extrinsic evidence of the facts and circumstances known to the settlor and existing at the time of execution." *University of Southern Indiana Foundation v. Baker*, 843 N.E.2d 528, 532-33 (Ind. 2006); *Ross*, 146 N.E.2d at 265. However, where the terms are clear and unambiguous, the court must not resort to extrinsic evidence. *University of Southern Indiana Foundation*, 843 N.E.2d at 532.

The 1984 "Notice of Change of Owner and Designation of Beneficiary" form was signed by Kenneth and Michael Lane and names the trust as the beneficiary of the Guardian policy and Michael as trustee. Under Indiana trust law, that

Notice is sufficient to establish the property at issue and the identity of the "trustee," as required by Indiana Code § 30-4-2-1(a) and (b).  The problem is that it establishes none of the other terms of a trust that are statutorily required, including the nature of the trustee's interest, the identity of the beneficiary, the nature of the beneficiary's interest, or the purpose of the trust.  Ind. Code §§ 30-4-2-1(b).  Without significantly more, the 1984 Notice cannot support a finding on summary judgment that Kenneth actually established a valid and enforceable irrevocable trust.

The Lane children argue that it is appropriate for the court to rely on extrinsic evidence to resolve any ambiguities in the terms of the trust.  However, in this case, the issue is not that the terms are ambiguous.  The problem is that the terms *do not exist* unless the court relies on the *unsigned* irrevocable trust document in *Thelma* Lane's name found in December 2007 in Wilson's Lane family files.  Of the bits and pieces of evidence presented by the Lane children, only this document could be construed to fill in the missing – and statutorily required – trust terms.  When deciding a motion for summary judgment, of course, the court must construe all facts and inferences in favor of Martha, as the non-movant, and here, genuine issues of material fact exist.

The cases cited by the Lane children supporting the use of extrinsic evidence for such a purpose address situations where courts construed the written or oral statements of the settlor (*University of Southern Indiana Foundation*,

843 N.E.2d at 535), the written or oral statements of the trustee (*Ross*, 146 N.E.2d at 265-66; *Nesbitt*, 69 N.E. at 257-58), or the written or oral statements of the settlor's attorney (*University of Southern Indiana Foundation*, 843 N.E.2d at 535). Such evidence has not been brought forward in this case. The document at issue is not a writing attributable to either Kenneth, as the would-be settlor of the trust, or Michael Lane, as its would-be trustee. Also, Wilson's testimony is sufficiently inconsistent that it could not possibly be treated as conclusive for purposes of summary judgment. The Lane children assert that Wilson's memory was refreshed in December 2007 so that the court should simply ignore his October 2007 deposition testimony in which he said he never prepared any trusts for Kenneth. Such a factual determination cannot be made on summary judgment, when all inferences must be construed in favor of Martha Lane.[2] Carefully selected portions of Wilson's testimony do not offer solid ground on which the court could base a finding that the terms contained in Thelma's unsigned trust could be imposed on Kenneth, particularly because Thelma was neither the purported settlor or the purported trustee of Kenneth's missing irrevocable trust. On these facts, the Lane children's motion for summary judgment must be denied so that these issues may be resolved at trial.

*Conclusion*

---

[2]Perhaps Wilson's memory was refreshed by his December 2007 search of the Lane family files, but his January 2008 affidavit made no mention of his discovery of the unsigned 1978 Thelma Lane irrevocable trust, an omission that the court cannot ignore.

Because Indiana law provides that a trust is enforceable only if its terms are sufficiently definite, the court cannot find as a matter of law that Kenneth established a valid and enforceable irrevocable trust.  Without such a finding, the court could not find as a matter of law that Kenneth's effort to designate Martha as the beneficiary of the Guardian life insurance policy was not effective.   The Lane children's motion for summary judgment is denied.  The court also denies the Lane children's motion to strike the affidavit accompanying Martha Lane's surreply.  Martha was entitled to respond to the Lane children's suggestion in their reply brief that her silence about the issue in her original affidavit meant she had not actually searched for a possible trust instrument and might even have destroyed one.  The court will confer with counsel in the near future to set a trial date.

So ordered.

Date: December 10, 2008

_____

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Eric N. Allen
Allen Wellman McNew, LLP
ena@awmlaw.com

Steven P. Langdon
FROST BROWN & TODD, LLC
slangdon@fbtlaw.com

Gene Forrest Price
FROST BROWN & TODD, LLC
gprice@fbtlaw.com

John A. Stroh
SHARPNACK BIGLEY LLP
sbsw@sbswlaw.com